OPINION
On May 12, 1999, the Stark County Grand Jury indicted appellant, Jeremy Woods, on one count of felonious assault in violation of R.C. 2903.11. Said charge arose from an incident involving one Phillip Decker on March 21, 1999. A jury trial commenced on July 6, 1999. The jury found appellant guilty as charged. By judgment entry filed July 12, 1999, the trial court sentenced appellant to four years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN NOT OFFERING THE JURY APPELLANT'S REQUESTED INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF ASSAULT.
 II APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
 III THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ARGUE AND PRESENT EVIDENCE REGARDING APPELLANT'S PRIOR BAD ACTS
 IV THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 V OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant claims the trial court erred in not instructing the jury on the lesser included offense of assault [R.C. 2903.13(B)]. We disagree. In State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, the Supreme Court of Ohio set forth a three prong test in determining if a lesser included offense is appropriate: An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder [1987], 32 Ohio St.3d 279,513 N.E.2d 311, modified.)
R.C. 2903.11 defines felonious assault as follows: (A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
"Assault" is defined in R.C. 2903.13 as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or to another's unborn.
Under a strict interpretation of the Deem test, the offense of felonious assault can be committed without the offense of assault being committed because reckless assault requires proof that the defendant recklessly caused serious physical harm. The entire thrust of appellant's defense was self defense. T. at 123, 245, 249, 276-277, 326, 329. Appellant and his ex-wife, Sheila Woods, lived together in an attempt to reconcile. T. at 253-254. On the evening in question, Ms. Woods had invited some friends over to play cards. T. at 241. At around 1:00 a.m., everyone left except for Mr. Decker. T. at 242. Appellant arrived at the residence and observed Mr. Decker lying on the couch. T. at 275. Appellant testified Mr. Decker "acted like he was sleeping" so he "sort of shook him, rolled him over on his side" and told him "you have got to go." T. at 276. Mr. Decker then "opened his eyes up, and he threw a punch" at appellant. Id. In contrast, it was the state's position that appellant was the first offender. Mr. Decker testified he fell asleep on the couch and the next thing he remembers is "[b]eing kicked and punched and stomped on." T. at 206. Mr. Decker claimed "I remember getting hammered to my face and rolling off the couch; and I was on the ground, and I got punched in the back of the head several times and I was kicked." Id. The state of the evidence establishes two theories: that appellant acted in self defense or appellant was the aggressor who purposefully attacked and beat Mr. Decker. The issue of reckless assault was not presented via any evidence. Upon review, we find the trial court did not err in denying appellant's request for the lesser included offense instruction. Assignment of Error I is denied.
 II
Appellant claims ineffective assistance of counsel. We disagree. The standard this case must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied497 U.S. 1011. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. Appellant claims he was denied the effective assistance of counsel because his trial counsel had previously represented Mr. Decker in a criminal proceeding in Massillon Municipal Court. T. at 179-181. The matter was brought to the trial court's attention. T. at 176. The trial court questioned defense counsel as to whether or not he was planning to cross-exam Mr. Decker "on the basis of any knowledge * * * gained previously from representation." T. at 181. After defense counsel replied "[n]one whatsoever," the trial court instructed defense counsel "not to cross-examine the victim, Mr. Decker, on any knowledge whatsoever that you gained on your prior representation of him." T. at 182. Defense counsel told the trial court he had "no present recollection" of Mr. Decker and "I still * * * don't recognize him." T. at 183. This sort of conflict should be carefully scrutinized and this type of situation does not generally benefit the present representation. Upon review of the discussion between counsel and the trial court, the statements of defense counsel and the cross-examination of Mr. Decker, we fail to find any prejudice to appellant. In fact, defense counsel's knowledge of Mr. Decker's criminal past was used to appellant's advantage. T. at 218, 220, 222, 223-224, 333, 335, 336, 337-338. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in permitting the state to present evidence of prior bad acts. We disagree. The trial court is given broad discretion in determining the admissibility of evidence. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The complained of evidence occurred during the testimony of Charles Gregorcic:
 BY MR. REESE: Q. Let's go back to the point, you said you met Jeremy Woods once?
A. Yes, I had not actually met him. I had never talked with him.
 Q. Okay. Then how do you know that person that was in the driveway was Jeremy Woods?
A. I knew he had gone out with Phil that night, the day before.
Q. Okay, and did you go out and observe him in the car?
A. Yes, I did.
Q. Were you able to observe his demeanor and character?
A. He was sleeping.
 Q. Okay. Could you tell whether he had been drinking or not just by looking at him?
MR. FRIEG: Objection. The answer was he was sleeping.
 MR. REESE: He still might be able to tell. He could smell something.
THE COURT: Overruled.
 A. It appeared he was drunk because when I knocked on the window he did not awake.
Q. Did you ever see him after that?
A. No, I did not.
Q. Why not? Do you know why?
 A. Because I banned him from coming to the house after that incident.
T. at 140-141.
Appellant claims this colloquy violated Evid.R. 404(B) and R.C.2945.59: Evid.R. 404(B): Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59: In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
The recitation of an incident months before was not relevant to any fact in issue at trial. Therefore, we conclude the evidence should not have been admitted. However, upon review, we find this error did not prejudice the outcome of the trial. The error was harmless: "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Assignment of Error III is denied.
 IV
Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The main issue at trial was not the extent of the injuries, but who started the fight. Appellant claimed he did not provoke the fight and Mr. Decker was the aggressor. T. at 276-277. In contrast, Mr. Decker claimed appellant woke him, hammered him in the face, pulled him off the couch and kicked him. T. at 206. Ms. Woods claimed at trial Mr. Decker threw the first punch. T. at 245, 249. However, in her statement to the police made on the evening in question, Ms. Woods stated Mr. Decker did not fight back. T. at 265; State's Exhibit 4. In her testimony before the grand jury, Ms. Woods explained appellant's actions may have precipitated the incident. T. at 259. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Upon review, we find sufficient evidence, if believed, to support the conviction for felonious assault, and no manifest miscarriage of justice. Assignment of Error IV is denied.
 V
Appellant claims there are errors which are apparent on the record but not raised in his brief. We disagree. Appellant cites to this court the case of Anders v. California (1966), 386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client. The case sub judice is distinguishable from Anders in that appellant's appellate counsel filed a brief and in fact assigned four other errors for review. An Anders claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's case. Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________________ FARMER, J.
By Farmer, J. Gwin, P.J. and Wise, J. concur.